## No. 171

Note—This case appeared 3 Abs. 55, and is reprinted here on account of an error.

## No. 99
## LAMBEFF v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

No.          Decided Oct. 2, 1924

633. INFANTS—Conviction of contributing to delinquency held proper.

ROBERTS, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Lambeff was charge with contributing to the delinquency of Cordelia Greenwood, a minor 16 years of age. The affidavit charged that he permitted her to associate with men for an immoral purpose in his room and in other places with full knowledge that she was a minor. Lambeff was found guilty in juvenille court and sentenced to a fine and imprisonment. The evidence disclosed that Lambeff permitted three couples of young people to occupy a room in a building which he was holding under a joint lease and that he carried drinks to them. The defendant prosecuted error. In sustaining the judgment, the court of appeals held:

1. That the judgment was not manifestly against the weight of the evidence, as no misconduct on the part of the court was pointed out and it cannot be said that any error was committed in this respect.

Attorneys—D. F. Rendinell, for Lambeff; H. H. Hull, for State; all of Youngstown.

## No. 172

Note—This case appeared 3 Abs. 54, and is reprinted here on account of error.

## No. 93
## SCHONSBERGER v. YOUNGSTOWN (City)

Ohio Appeals, 7th Dist., Mahoning Co.

No.          Decided Oct. 2, 1924.

333. CRIMINAL LAW—1. Conviction for being suspicious person sustained by proof that accused came to make money by "criminal means and practices."

2. Imprisonment held not correct punishment for first offense as suspicious person.

FARR, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Schonsberger was arrested in February 1922 and was charged in Youngstown municipal court with being a suspicious person in violation of an ordinance. The accused was found guilty and fined $25 and imprisoned for 30 days. Schonsberger was arrested in front of a hotel, as he was about to leave Youngstown. Error was prosecuted to common pleas. In affirming the judgment, the court of appeals held:

1. As the evidence disclosed that Schons-berger came to Youngstown on a mission to make money "by criminal means and practices" contrary to the ordinance in question, it cannot be said that the conviction was manifestly against the weight of the evidence.

2. As the offense was not a second offense, as required by the ordinance, the municipal judge was not authorized to sentence the accused to 30 days or to any definite period of time; therefore that part of the ordinance is void for uncertainty and a sentence under it is contrary to law.

Attorneys—Moore, Barnum & Hammond, for Schonsberger; William E. Lewis, for Youngstown; all of Youngstown.

## No. 173
## LANDAKER v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1227. Decided Jan. 8, 1925

993. RAPE—Juvenile act, providing new remedy for misdemeanors, not intended to repeal felony statutes even where the offense was committed against a minor.

BY THE COURT.

Published Only in Ohio Law Abstract

Landaker was put upon trial in the Juvenile Court of Columbus, accused of rape upon the prosecutrix, a minor. He waived a jury, and the judge of that court passed the case, by reason of statute, recommending an indictment in the Common Pleas Court. An indict-in the Franklin Common Pleas was returned. Landaker claimed that prosecution for delinquency with the prosecutrix was begun in the Juvenile Court as a misdemeanor, and because of that, the Common Pleas Court had no jurisdiction by indictment. A demurrer to the indictment was overruled and upon trial the accused was convicted and sentenced to a minimum of 3 years in the Ohio penitentiary. Error was prosecuted and the Court of Appeals held:

No rule of law gives to the accused the right to choose the particular offense which the state must charge, whether such offense shall be a felony or a misdemeanor.

As long as the accused was not twice put in jeopardy—the judge of the Juvenile Court had the right to pass the case and await an indictment in the Common Pleas Court upon a felony.

Attorneys—Maurice V. Kessler & Horace S. Kerr, for Landaker; John R. King & Paul C. Hicks, for State; all of Columbus.